**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| **REGINALD ("REGGIE") JACKSON,** an individual and citizen of California,<br><br>Plaintiff,<br><br>v.<br><br>**AMERICAN MEMORABILIA, INC.,** a Nevada corporation, **VICTOR MORENO**, an individual and citizen of Nevada, **RESURRECTION JACKSON**, an individual and citizen of Pennsylvania, **MARTINEZ JACKSON, JR.**, an individual and citizen of Pennsylvania, and **JOHN DOE known as "WAYNE"**, an individual and citizen of Pennsylvania,<br><br>Defendants. | Case No. 11-CV-01106-KJD-GWF<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER WITHOUT NOTICE AND ORDER SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION** |

UPON CONSIDERATION of the motion filed by Plaintiff Reginald ("Reggie") Jackson for a temporary restraining order and injunction to prevent Defendants American Memorabilia, Inc., Victor Moreno, Resurrection Jackson, Martinez Jackson, Jr. and a John Doe known as "Wayne" (collectively "Defendants") from selling or transferring (i) a ring Mr. Jackson had made for his father to wear which is in the style of the 1977 World Series Championship ring presented to Mr. Jackson by the New York Yankees (the "Jackson Custom Ring") and (ii) a watch the New York Yankees presented to Mr. Jackson to celebrate his 400th home run (the "Jackson 400 Watch"), the supporting memorandum of points and authorities, the supporting declarations of

Mr. Jackson and Joe Jackson, the evidence, the record in this case, and for other good cause shown;

THE COURT HEREBY FINDS THAT:

1. Mr. Jackson will suffer irreparable injury if (i) the July 7, 2011 auction is not enjoined and the Jackson Custom Ring and Jackson 400 Watch are sold or transferred to third parties; and (ii) the Court does not require that the Jackson Custom Ring and the Jackson 400 Watch be placed in a safe and secure location where none of Defendants or even Mr. Jackson can transfer them to a third party or remove them from the jurisdiction of this Court;

2. Mr. Jackson is likely to succeed on his claims for replevin and quiet title, because Mr. Jackson has demonstrated that he has superior right to title and possession to the Jackson Custom Ring and Jackson 400 Watch, which title and right to possess he retained during the time he allowed his father to display these items during his lifetime;

3. The balance of hardships tips in favor of Mr. Jackson because issuance of the temporary restraining order would merely delay the sale of the Jackson Custom Ring and the Jackson 400 Watch, whereas the loss of these items to a third party outside of Mr. Jackson's family would constitute a severe hardship to Mr. Jackson not compensable by money; and

4. The public interest will benefit from granting a temporary restraining order because any third party who wishes to purchase the Jackson Custom Ring or the Jackson 400 Watch now or in the future will benefit from resolution of this case on the merits.

THEREFORE, IT IS HEREBY ORDERED THAT, pending a full trial on the merits:

A. Defendants shall be barred from selling the Jackson Custom Ring and/or the Jackson 400 Watch including at the auction scheduled to close on July 7, 2011 at 8 pm;

B. Defendants shall be enjoined from transferring possession of the Jackson Custom Ring and/or the Jackson 400 Watch to any third party;

C. Within twenty-four (24) hours of this Order, the Jackson Custom Ring and the Jackson 400 Watch shall be deposited into a safe deposit box at Bank of America in Las Vegas, Nevada subject to the joint custody of Mr. Jackson and Defendants during the pendency of this action; and

D.     A nominal bond of $100.00 shall be required because the evidence indicates that Defendants will only suffer, if at all, minimal damage by the issuance of this temporary restraining order and injunction.

## ORDER SETTING HEARING FOR PRELIMINARY INJUNCTION

UPON CONSIDERATION of the motion filed by Mr. Jackson for a preliminary injunction enjoining Defendants from selling the Jackson Custom Ring and Jackson 400 Watch, the supporting memorandum of points and authorities, the supporting declarations of Mr. Jackson and Clarence Martinez ("Joe") Jackson, the evidence, the record in this case, and for good cause shown;

THE COURT HEREBY sets the hearing for Mr. Jackson's motion for a preliminary injunction on July 20, 2011, at 9 a.m. to be held in Courtroom 6006 at the Lloyd D. George Federal Courthouse, 333 South Las Vegas Boulevard, Las Vegas, Nevada.

Further, the Court sets forth the following briefing schedule relating to Plaintiff's motion:

1.     Defendants shall file and serve their opposition papers, if any, no later than July 15, 2011; and

2.     Mr. Jackson shall file and serve his reply brief no later than July 19, 2011.

ENTERED this 6th day of July, 2011 at \_\_\_2:30 P\_\_.m.

_____
UNITED STATES DISTRICT JUDGE

3